## VASON *vs.* STRAUSS.

Where a property owner wrote to another to go to her lot and cut off the hydrant in her yard, and he did not do this, but without other authority, knowledge or consent on her part, laid a hundred feet of conduit pipe, furnished an iron top and repaired water-piping and faucet, he was not entitled to sue and recover of her therefor.

January 12, 1886.

Contracts. Actions. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1884.

Reported in the decision.

CLAIBORNE SNEAD, by F. W. CAPERS, Jr., for plaintiff in error.

ADOLPH BRANDT, for defendant.

v 75-53

Downs *et al. vs.* Harris.

BLANDFORD, Justice.

Mrs. Vason wrote Strauss and directed him to go to 306 Washington street and cut off the hydrant in the yard. This was the only employment of Strauss by Mrs. Vason. Strauss, instead of doing as he was directed, laid down 100 feet of conduit pipe, furnished an iron top, repaired water-pipe and faucet, and for his labor and the things mentioned he charged her $31.25. He sued Mrs. Vason in a justice's court and obtained a judgment for the full amount of his account  She sued out a writ of *certiorari* to the superior court. That court overruled the *certiorari* and affirmed the judgment of the justice.

Strauss was not authorized to do any work for Mrs. Vason, except to cut off the hydrant in the yard. This he did not do, and without being employed by her, he did other work without any knowledge or consent on her part. For this work and labor by Strauss, Mrs. Vason is not liable, and he is not, entitled to recover therefor. So we think that there was error on the part of the court below in overruling the *certiorari* and in not sustaining the same.

Judgment reversed.